# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **BRIGHTVIEW GROUP, LP,** | * |
| Plaintiff, | * |
| v. | * Civil Case No. SAG-19-2774 |
| **ANDREW M. TEETERS, et al.,** | * |
| Defendants. | * |

## MEMORANDUM AND ORDER

Today, November 14, 2019, this Court held a telephonic conference call to discuss the issues raised in Plaintiff Brightview Group, LP's Letter Requesting to Postpone the Preliminary Injunction Hearing, ECF 46. Because the Court finds that good cause exists to postpone the hearing, it is, this 14th day of November, 2019, hereby ORDERED that the hearing on Plaintiff's Preliminary Injunction is **RESCHEDULED** for January 16, 2020, at 9:30am in Courtroom 7C.

Plaintiff's Letter, though not filed as a Motion to Compel, asked the Court to impose additional discovery obligations upon Defendants Andrew Teeters, Ross Dingman, and Monarch Communities, LLC. ECF 46 at 4-5. Courts in this District have adopted a reasonableness standard in reviewing expedited discovery requests, determining whether the request is supported by good cause, considering the totality of the circumstances. *Id.* at *2; *see also Oce N. Am., Inc. v. MCS Serv., Inc.*, No. WMN-10-CV-984, 2010 WL 11553001, at *1 (D. Md. June 22, 2010). Even where good cause exists, the discovery request must be "narrowly tailored to obtain information relevant to a preliminary injunction determination." *L'Occitane, Inc.*, 2009 WL 3746690, at *2. Ultimately, the Court has "broad discretion over discovery issues." *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016).

First, Brightview seeks to compel Mr. Teeters to produce from his USB Disk, and Mr. Dingman to produce from his Seagate Backup Plus Drive, "all files that refer or relate to senior living development ventures, including Monarch documents." ECF 46 at 4. The Court **GRANTS** this request. As discussed on the record during today's call, this request is one the Court has already found to be reasonable and relevant to the Preliminary Injunction Hearing, but denied previously due to the time constraints of the previous expedited discovery schedule. *See* ECF 43 at 2; ECF 40 at 2. The time period now available for discovery provides Mr. Teeters and Mr. Dingman a reasonable opportunity to review the requests and provide responsive documents. It is further ORDERED that only Brightview's counsel and two corporate designees, David Carliner and Marilynn Duker, shall review these documents to determine whether they are, or contain, Brightview Information as previously defined in Brightview's written discovery requests. The parties are otherwise constrained by the Revised Confidentiality Stipulation and Protective Order entered today, November 14, 2019. ECF 49.

Second, Brightview seeks to compel Mr. Teeters, Mr. Dingman, and Monarch to produce "all materials and correspondence in their possession, custody, or control related to information contained on documents on the Compilation [Doc. 42] prepared by Brightview," and goes on to list eleven categories of documents referenced in the Compilation. ECF 46 at 4-5. The Court **DENIES** this request. As discussed on the record, this request has not come before the Court until Plaintiff's recent letter. While this request might be proper in full merits discovery, it is not sufficiently narrowly tailored to aid the Court in its determination of whether preliminary injunctive relief is warranted. *See L'Occitane, Inc.*, 2009 WL 3746690, at *2.

It is further ORDERED that the parties shall adhere to the following schedule:

<u>November 21, 2019:</u>  Brightview and Defendants must produce all responsive discovery material.

2

<u>January 14, 2020:</u>   Submission of briefs, if desired, on issues to be raised at the Preliminary Injunction Hearing.

<u>January 16, 2020:</u>   Preliminary Injunction Hearing to be held at 9:30am in Courtroom 7C.

As a final note, the parties indicated to the Court that they plan on conducting six (6) depositions after written discovery concludes, three (3) for the Plaintiff and three (3) for all Defendants combined. While the schedule set herein does not provide dates for those depositions, the Court expects that the parties will confer to find dates that accommodate each party's schedule. Should any other discovery issues arise between the parties, they are directed to confer to resolve these issues and notify the Court promptly if the issues cannot be resolved. The dates provided herein are firm, and the Court will not consider further modification of the schedule if additional discovery issues arise.

Dated: November 14, 2019                              /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge