UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 23, 2022

LETTER TO COUNSEL

RE:  *Brightview Group, LP v. Teeters, et al.*,
Case No. SAG-19-2774

Dear Counsel:

On March 22, this Court resolved the parties' respective omnibus motions in limine via its Memorandum Opinion ("Opinion") and Order, ECF 242, ECF 243. In its Opinion, this Court stated that it would provide additional information by separate communication regarding its understanding of the issues remaining to be determined at trial and its proposal for an efficient trial structure. This Court understands that the parties still intend to litigate the following issues:

**Counts I-II** (Defend Trade Secrets Act and Maryland Uniform Trade Secrets Act):
  i. Whether the project pipeline, which Brightview previously failed to demonstrate was confidential,[1] contains trade secrets; and
  ii. Whether Defendants acted willfully and maliciously in misappropriating Brightview's trade secrets, such that Brightview may be entitled to reasonable attorneys' fees.

**Count III** (Usurpation of Corporate Opportunity):
  iii. Whether Teeters and Dingman are liable; and
  iv. If so, what amount, if any, is Brightview entitled to recover for lost profits.

**Count IV** (Unfair Competition):
  v. What portion of Teeters's and Dingman's compensation, if any, should be disgorged; and
  vi. Whether Brightview is entitled to punitive damages.

**Count V** (Civil Conspiracy):
  vii. Whether Defendants are liable; and
  viii. Whether Brightview is entitled to punitive damages

---

[1] As the parties are aware, this Court previously granted summary judgment to Defendants as to the availability of monetary and exemplary damages for Counts I-II. *See* ECF 206 at 1. Accordingly, Brightview will not be entitled to monetary damages for Defendants' misappropriation of the project pipeline or other documents, even if it proves that those documents contain trade secrets entitled to protection.

*Brightview Group, LP v. Teeters, et al.*
Civil No. SAG-19-2774
March 23, 2022
Page 2

As previously stated, this Court intends to conduct a bifurcated trial in this action. The jury will be informed at the outset of trial that it will deliberate twice: first to resolve remaining issues of liability, and second to consider appropriate damages. At this juncture, this Court anticipates that the parties will present evidence and arguments on the pending issues in the following phases, which this Court believes will allow for the most efficient use of the jury's time:

**Liability Stage**:
i. Whether the project pipeline contains trade secrets (Counts I-II);
ii. Whether Defendants' misappropriation of proven trade secrets was willful and malicious (Counts I-II);
iii. Whether Teeters and Dingman usurped any corporate opportunity within Brightview's interest or expectancy (Count III);
iv. Whether Defendants conspired to wrongfully acquire and use Brightview's non-trade secret information (Count V); and
v. Whether Brightview can prove by clear and convincing evidence that Defendants committed civil conspiracy and/or unfair competition with actual malice (Counts IV and V).

**Damages Stage**:
vi. If there is a jury finding of liability on Count III, what amount, if any, is Brightview owed for lost profits;
vii. What amount, if any, of compensation paid by Brightview to Teeters and Dingman should be disgorged for their unfair competition (Count IV); and
viii. If there is a jury finding that Count IV and/or Count V were committed with actual malice by clear and convincing evidence, what amount, if any, of punitive damages should be awarded to Brightview.

Separately, if the jury determines that Defendants' misappropriation was committed willfully and maliciously, Brightview may timely file a motion for attorneys' fees and costs to be considered by this Court pursuant to the Defend Trade Secrets Act ("DTSA"), and Maryland Uniform Trade Secrets Act ("MUTSA"). *See* U.S.C. § 1836(D); Md. Code Ann., Com. Law § 11-1204(3); *see also Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, 2020 WL 375596, at *3 (E.D. La. Jan. 23, 2020) (considering prevailing party's motion for attorneys' fees following jury determination of willful and malicious violation of DTSA); *Olaplex, Inc. v. L'Oreal USA, Inc.*, 855 F. App'x 701, 703 (Fed. Cir. 2021) (same).

To facilitate an orderly trial with minimal disruptions, the parties should take the following steps. First, if Brightview does not intend to prosecute its claim against Dingman for Trespass to Chattels (Count VI), it should file a voluntary dismissal as to that claim alone. *See* ECF 220 at 4 (stating that "Brightview does not intend to pursue Count VI as a separate claim at trial."). Brightview's voluntary dismissal of Count VI will not impact the admissibility of evidence regarding Dingman's Brightview-issued iPhone as it pertains to the issues of actual malice, or

*Brightview Group, LP v. Teeters, et al.*
Civil No. SAG-19-2774
March 23, 2022
Page 3

willfulness and maliciousness.  *See id.*  Second, the parties should inform this Court if they intend to pursue any issues at trial that are not detailed above, or, alternatively, if they no longer intend to litigate any of the issues described herein.  For instance, Brightview should notify the Court if it intends to argue that other documents, in addition to the project pipeline, qualify as trade secrets; such correspondence should specifically identify the documents Brightview proposes to litigate.  Moreover, to the extent Brightview seeks punitive damages on any claims in addition to Counts IV and V, it should detail such intention.  Similarly, Defendants are requested to inform the Court of any substantive affirmative defenses that they anticipate asserting at trial.

      The parties are directed to submit any correspondence responsive to this letter **by Monday, March 28, 2022 at 5:00 p.m.**  If this letter raises issues or ambiguities that the parties feel should be addressed by a conference with the Court, the parties should request such a conference in their responses.

      Despite the informal nature of this letter, it shall be flagged as an Opinion and docketed as an Order.

                                        Sincerely yours,

                                            /s/

                                        Stephanie A. Gallagher
                                        United States District Judge